UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Ben Glawson, # 92445-020, | ) |
| | ) |
| | ) C/A No. 6:14-1922-MGL-KFM |
| Petitioner, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| Warden M. Cruz, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## **BACKGROUND**

Petitioner is a federal prisoner at FCI-Williamsburg. Petitioner is serving sentences for convictions related to drugs, firearms, and escape entered in *United States v. Richard Ben Glawson*, Criminal No. 5:05-CR-13, in the United States District Court for the Middle District of Georgia. Petitioner challenges the validity of the second superseding indictment of the grand jury (doc. 1-1 at 10–13). In the Petition, Petitioner alleges: he was not legally indicted; the district court in Georgia lacked jurisdiction over Petitioner (doc. 1 at 10–11); the drugs found did not constitute cocaine base (doc. 1 at 7–8); there was a fraud upon the court (doc. 1 at 12); and Petitioner's Due Process and Fifth Amendment rights were violated (doc. 1 at 7, 13).

Appended to the Petition are various exhibits. Those exhibits include chemical analyses of drugs (doc. 1-1 at 1–6); portions of a docket sheet from Petitioner's criminal case (doc. 1-1 at 7–9); portions of the second superseding indictment (doc. 1-1 at 10–13); a portion of Petitioner's trial transcript (doc. 1-1 at 14–20); and a copy of

Petitioner's Rule 60(b) motion apparently filed in the United States District Court for the Middle District of Georgia in 2013 (doc. 1-1 at 21–39).

Petitioner's Rule 60(b) motion indicates that, in the criminal trial, the jury found Petitioner guilty of distribution of cocaine base, distribution of marijuana, possession of marijuana with intent to distribute, possession of a firearm by a convicted felon, and escape. Petitioner was sentenced to 327 months in prison. Petitioner's convictions and sentences were affirmed on direct appeal in *United States v. Glawson*, No. 08-11197, 322 F. App'x 957 (11th Cir. Apr. 15, 2009), *cert. denied*, 558 U.S. 1157 (2010).

Petitioner previously filed a motion to vacate pursuant to 28 U.S.C. § 2255 and raised as grounds ineffective assistance of trial counsel and appellate counsel, challenged the classification of crack cocaine as a controlled substance, challenged the validity of the drug testing of the evidence, contended that the use of a confidential informant's testimony constituted bribery, and alleged prosecutorial misconduct. *See Glawson v. United States*, No. 5:05-CR-13, 2011 WL 6698606 (M.D.Ga. Oct. 28, 2011) (recommending denial of relief), *adopted by* 2011 WL 6697362 (M.D.Ga. Dec. 21, 2011).

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions the Anti-Terrorism and Effective Death Penalty Act of 1996 and other habeas corpus statutes. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*). Even when considered under this less stringent standard, his petition is subject to summary dismissal.

The claims raised in the above-captioned case are improper for an action pursuant to 28 U.S.C. § 2241. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under § 2241 is authorized only in limited situations, such as actions challenging the administration of parole, computation of good time or jail time credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence. *See Barber v. Rivera*, C.A. No. 4:11-2579-TMC-TER, 2011 WL 6982074, at *2 (D.S.C. Dec. 13, 2011) (collecting cases), *adopted by* 2012 WL 80250 (D.S.C. Jan. 11, 2012).

A prisoner who challenges his federal conviction or sentence cannot initially use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255. *Watson v. Rivera*, C.A. No. 9:11-2957-MBS-BM, 2011 WL 6965811, at *2 (D.S.C. Dec. 1, 2011), *adopted by* 2012 WL 45436 (D.S.C. Jan. 9, 2012). Since Petitioner is seeking relief from his convictions and sentences imposed in the United States District Court for the Middle District of Georgia, the relief requested by Petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *Dixon v. Rivera*, C.A. No. 1:11-3468-TLW-SVH, 2012 WL 405702, at *2 (D.S.C. Jan 20, 2012), *adopted by* 2012 WL 405697 (D.S.C. Feb. 8, 2012).

Only if § 2255 is deemed inadequate or ineffective may a prisoner resort to § 2241. Here, Petitioner does not satisfy the three-part test to bring a § 2241 action raising § 2255 claims. *See In Re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Under the holding of *In Re Jones*, § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court

3

established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. None of the grounds raised by Petitioner in the § 2241 Petition even implicate the first or second prongs of the *In Re Jones* test.

Many federal prisoners, such as Petitioner, have erroneously attempted to overturn federal convictions or sentences by filing a § 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257, 259–61 (4th Cir. 2002) (upholding summary dismissal of § 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico). The fact that a § 2255 action may be untimely or successive does not render a § 2255 remedy inadequate or ineffective. *In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). This court has held that the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, C.A. No. 6:06-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006).

Since Petitioner has had a prior § 2255 action adjudicated in the United States District Court for the Middle District of Georgia, Petitioner's available judicial remedy is to seek leave from the United States Court of Appeals for the Eleventh Circuit to file a successive § 2255 petition. *In re Vial*, 115 F.3d at 1194 ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255

motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); and 28 U.S.C. § 2244(b)(3).

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 Petition be dismissed *without prejudice* and without requiring Respondent to file an Answer or return. It is also recommended that the district court deny a Certificate of Appealability. Petitioner's attention is directed to the Notice on the next page.

May 21, 2014　　　　　　　　　　　　　　　s/ Kevin F. McDonald
Greenville, South Carolina　　　　　　　　United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).