IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Ben Glawson, | ) | Civil Action No. 6:14-1922-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden M. Cruz, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Richard Ben Glawson, ("Petitioner"), a federal prisoner at FCI-Williamsburg, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On May 21, 2014 the Magistrate Judge issued a Report, (ECF No. 8), recommending that the petition be dismissed *without prejudice* and without requiring Respondent to file a return. Petitioner filed a timely Objection to the Report on June 3, 2014. (ECF No. 10).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. The Court has undertaken a *de novo* review, even though Petitioner's Objection amounts to a restatement of arguments already advanced in his Petition. (ECF No. 10). Petitioner fails to meaningfully address the core of the Magistrate Judge's analysis, specifically, the Magistrate Judge's determination that Petitioner has failed to satisfy the three-part test outlined in In Re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), that must be established in order for a petitioner proceeding under § 2241 to obtain relief on claims normally brought pursuant to § 2255. (ECF No. 8 at p. 3-4). As the Magistrate Judge's Report sets out, Petitioner has not shown a change in the substantive law occurring subsequent to his direct appeal and prior § 2255 petition that has rendered the conduct for which he was convicted no longer criminal and that would permit him to seek relief pursuant to § 2241. Id.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference. (ECF No. 8). Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** *without prejudice* and without requiring Respondent to file a return.

### Certificate of Appealability

The governing law provides that:

> © (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> © (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©  .  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Mary G. Lewis<br>United States District Judge

June 23, 2014
Spartanburg, South Carolina